ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:23-mj-70880-MAG |
| Plaintiff, | **STIPULATION AND ATTORNEYS-EYES-ONLY PROTECTIVE ORDER** |
| v. | |
| ANTOYNE TERRELL BULLOCK, | |
| Defendants. | |

With the agreement of the parties and defendants' consent, the Court enters the following Order:

Defendant, ANTOYNE TEREELL BULLOCK, is charged by complaint with violating 18 § U.S.C. 922(g)(1), Felon in Possession of a Firearm and Ammunition.

The government intends to produce certain materials that are particularly sensitive and pose a risk of harm to certain individuals. In order to balance the needs of the defense in obtaining these sensitive materials in order to prepare their defense, and the need to protect witnesses from potential harm, the parties have agreed that these sensitive materials (the "ATTORNEYS-EYES-ONLY MATERIALS") will be produced only to defense counsel (not to the defendant), will be labeled "ATTORNEYS-EYES-ONLY MATERIALS," and defense counsel's possession and use of these ATTORNEYS-EYES-ONLY MATERIALS are subject to the following restrictions:

STIPULATION AND ATTORNEYS-EYES-ONLY PROTECTIVE ORDER
4:23-mj-70880 MAG

1.      Only the following individuals may examine the ATTORNEYS-EYES-ONLY MATERIALS for the sole purpose of preparing the defense in this case and for no other purpose:

    a.   counsel for defendants;

    b.   members of defense counsel's law offices who are assisting with the preparation of defendants' defense; and

    c.   paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendants or assigned by the Court to assist in the defense of this matter.

2.      The defendants may NOT have access to the ATTORNEYS-EYES-ONLY MATERIALS. The defendant may NOT have copies of the ATTORNEYS-EYES-ONLY MATERIALS. The defendant may NOT view the original, or copies of the ATTORNEYS-EYES-ONLY MATERIALS. However, the content/substance of those materials may be discussed with the defendant, and the defendant only.

3.      A copy of this ATTORNEYS-EYES-ONLY Protective Order shall be maintained with the ATTORNEYS-EYES-ONLY MATERIALS at all times.

4.      All individuals other than defense counsel who receive access to the ATTORNEYS-EYES-ONLY MATERIALS, prior to receiving access to the materials, shall sign a copy of this ATTORNEYS-EYES-ONLY Protective Order acknowledging that:

    a.   they have reviewed this Order;

    b.   they understand its contents;

    c.   they agree that they will only access the ATTORNEYS-EYES-ONLY MATERIALS for the purposes of preparing a defense for defendants; and

    d.   they understand that failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court

5.      No other person shall be allowed to examine the ATTORNEYS-EYES-ONLY MATERIALS and the contents/substance of the ATTORNEYS-EYES-ONLY MATERIALS shall not

be shared with anyone without further order of the Court.  Examination of the ATTORNEYS-EYES-ONLY MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

6.     The ATTORNEYS-EYES-ONLY MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter.  Any duplicates will be treated as originals in accordance with this Order. The defendant may not have access to, or copies of, any duplicate material created.

7.     The defense team shall return the ATTORNEYS-EYES-ONLY MATERIALS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendants; defendants' acquittal by court or jury; or the conclusion of any direct appeal.

8.     After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the ATTORNEYS-EYES-ONLY MATERIALS.  The United States will maintain the ATTORNEYS-EYES-ONLY MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the United States may destroy the ATTORNEYS-EYES-ONLY MATERIALS.  In the event a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the ATTORNEYS-EYES-ONLY MATERIALS under the same restrictions as trial and direct appeal defense counsel.  A defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

1   **IT IS SO STIPULATED.**

ISMAIL J. RAMSEY
United States Attorney

2

3

4   Dated: August 22, 2023

_____/s/_____

KENNETH CHAMBERS
Assistant United States Attorney

5

6

7

_____/s/_____

JOYCE LEAVITT
Counsel for Defendant Antoyne T. Bullock

8

9

10

11

12   **IT IS SO ORDERED.**

13

14   Dated: August 22, 2023

IT IS SO ORDERED

Judge Donna M. Ryu

HON. DONNA M. RYU
Chief Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28